[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15594
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00608-JDW-TGW


SHERRIE HAMPTON-MUHAMED,

                                                      Plaintiff-Appellant,

versus

JAMES B. NUTTER & COMPANY,
BRUCE HUEY,
VP,
AL PITZNER,
VP Compliance,
RONALD R. WOLFE & ASSOCIATES, P.L.,
ANDREA D. PIDALA,
Esquire, et al.,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 9, 2017)

Before WILSON, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Sherrie Hampton-Muhamed, proceeding pro se, appeals the Northern District of Georgia ("NDGA") district court's order transferring her case to the Middle District of Florida ("MDFL"), and the MDFL district court's eventual dismissal of her amended complaint for failure to state a claim. She brought the complaint against loan servicer/lender James B. Nutter & Company (Nutter & Company) and four individual Nutter & Company officers (the Individual Nutter Defendants), the law firm of Ronald R. Wolfe & Associates (RRW), and sixteen individual RRW attorneys (the Individual RRW Defendants), for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (FDCPA), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (RESPA).

Her claims primarily relate to the defendants' attempt to foreclose on a Florida property that had been owned by Hampton-Muhamed's brother, who is now deceased. The district courts concluded, among other things, that the foreclosure action was not "debt collection" subject to the FDCPA, that her claims based on letters sent to her before the foreclosure action began were time barred,

2

and that she lacked standing to sue under RESPA because she was not a party to her brother's promissory note with Nutter & Company.  After review,[1] we affirm.

## I. DISCUSSION

### A. Transfer

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the case might have been brought, or to any district to which all parties have consented, "in the interest of justice," and "[f]or the convenience of parties and witnesses."  Here, the NDGA court properly determined that the case could have been brought in the MDFL.  28 U.S.C. §§ 1404(a), 1391(b).  Various facts support the NDGA court's decision to transfer the case.  The NDGA court did not have jurisdiction over the Individual RRW Defendants; the property itself is in Florida and the foreclosure proceedings are in Florida; the majority of witnesses and relevant documents are in Florida; and the MDFL is more convenient than the NDGA for RRW and the Individual RRW Defendants.  In addition, Hampton-Muhamed did not raise her arguments regarding travel restrictions in the NDGA court, and her amended complaint shows that she traveled to Florida at least twice for hearings related to the foreclosure. The NDGA court did not commit a clear abuse of discretion in transferring the

---

[1] We review a district court's decision to transfer a case for "a clear abuse of discretion." *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993).  We review *de novo* the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

case to the MDFL.  *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (setting forth nine factors to be considered in deciding whether to transfer a case, including the convenience of the witnesses, the locus of operative facts, and trial efficiency and the interest of justice).

*B. Dismissal for Failure to State a Claim*

Hampton-Muhamed has not meaningfully challenged the basis upon which the district court concluded her amended complaint failed to state a claim under the FDCPA.  To the extent her brief can be liberally construed to do so, the district court properly dismissed Hampton-Muhamed's complaint for failure to state a claim, and leave to amend would have been futile.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding a pro se plaintiff's pleadings are to be liberally construed).

Hampton-Muhamed's complaint is deficient with respect to her allegations regarding the foreclosure proceedings because, except with respect to § 1692f(6), foreclosing on a mortgage of real property is not subject to the FDCPA.  *See* 15 U.S.C. § 1692a(6) (including enforcers of security interests within the definition of "debt collector" only for the purposes of § 1692f(6)); *see also Ho v. ReconTrust Company, NA*, 840 F.3d 618, 621–22 (9th Cir. 2016).  The rest of Hampton-Muhamed's claims were also properly dismissed.  Her allegations about activities that occurred more than one year prior to the time she filed her initial complaint,

4

November 5, 2013, are time-barred—including allegations pertaining to the letters sent to her.  *See* 15 U.S.C. § 1692k(d) (providing one-year statute of limitations for claims under the FDCPA).  As to any claims about the changed locks, abandoned stickers and resulting property damage on the Florida house, she alleged those acts were done by a third party, not any of the named defendants.  Undisputed facts in her own complaint show that Nutter & Company did not direct the third party to do anything except to check the outside of the property.  Thus, she failed to allege any facts that any defendant was responsible for changing the locks or damage to the property.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the *defendant* is liable for the misconduct alleged." (emphasis added)).

In addition, the district court did not err by failing to sua sponte offer Hampton-Muhamed the opportunity to amend her complaint.  She had already amended the complaint once and did not seek leave to amend a second time.  *Cf. Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  Though she was not represented by counsel, leave to amend claims related to the

5

mortgage foreclosure would be futile because Hampton-Muhamed has indicated no additional facts she would have pled that would have changed the result. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").

Hampton-Muhamed did not appeal dismissal of her claims against the Individual RRW Defendants, nor did she raise RESPA arguments in her initial brief.  Accordingly, she has abandoned those issues. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("Issues not briefed on appeal are considered abandoned, and we do not address arguments raised for the first time in a reply brief.").

## II. CONCLUSION

For the foregoing reasons, we affirm.

**AFFIRMED.**